

**DARRYL DWAYNE BOYD**
790 E. Sacramento
Altadena, California 91011
(323) 459-7854
**Debtor In Propria Persona**

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DARRYL DWAYNE BOYD )<br>)<br>SS# XXX-XX-4813 )<br>)<br>Debtor ) )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CHAPTER 11<br>CASE NO. 2-11-bk-44163-SK<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION AND REQUEST FOR AN ORDER GRANTING EX PARTE RELIEF FROM THE AUTOMATIC STAY<br><br>DATE: 9-7-2011<br>TIME: 9:00 A.M.<br>CRTRM.: |

### STATEMENT OF FACTS

This case is the third in a series of poorly handled filings on the part of a pro se debtor honestly seeking the assistance and relief afforded by the Bankruptcy Code and this honorable court. The debtor, DARRYL D. BOYD, is the sole supporter and single father of a special needs child, and who, at the time of the filing of the petition forming the subject of this motion, is himself a special needs disable person requiring kidney dialysis three times per week in order to live. Creditor, *Double Y Investments*, seeks relief from the automatic stay on an ex parte basis allegedly to pursue a unlawful detainer judgment against the debtor in possession. However, there existed no extenuating circumstances giving rise to either the motion or it being called on an ex parte basis. Pursuant to the fact that *Double Y Investments* is in fact a defendant in an

adversary proceeding before this court in bankruptcy case 2-11-bk-27642ER, an action which seeks to annul *Double Y Investments'* alleged creditor standing by virtue of the fraud propounded upon the debtor and the debtor's former wife, Paula L. Boyd, the debtor and plaintiff in the hereinabove mentioned adversary proceeding. Double Y Investments comes before this court with unclean hands, seeking the assistance of the court in essence to ratify its fraudulent act conducted prior the filing of the petition. Furthermore, the face of the order submitted by *Double Y Investments*, evidences an expectation of non-appearance on the part of the debtor at the hearing which raises the issue of the intention of *Double Y Investments* to ensure that the debtor would not be heard.

**GOOD FAITH IS LACKING IN THE
FILING OF A PETITION ONLY WHEN
THE DEBTOR'S ACTIONS ARE A
CLEAR ABUSE OF THE BANKRUPTCY
PROCESS**
In re Arnold, 806 F2d 937, 15 Bankr. Ct. Dec. (CRR) 779,
36 Ed. Law Rep. 318, Bankr. L. Rep. (CCH) 71528 (9th Cir. 1986)

On September 7, 2011, creditor, Double Y Investments, brought an ex parte motion for an order for relief from the automatic stay in order to proceed with the unlawful detainer of the business of the debtor. The basis upon which their argument was grounded was the fact that there exists multiple filings on the part of the debtor, and the ex-wife of the debtor Paula L. Boyd within the months prior the current case, the current case being the third such filing. The fact of the matter is that a single prior petition of the debtor had been voluntarily dismissed with the permission of the Chapter 13 Trustee due to schedule deficiencies on the former, and the fact that the debtor was hospitalized on the date of the 341a hearing. It would be unreasonable to classify the hospitalization of the debtor as an attempt to abuse the bankruptcy process to the detriment of his alleged creditor, *Double Y Investments*, or any others listed within the petition as defined pursuant to 11 USC 362(d).

Despite the lack of a single dispositive factor in evaluating an organizational debtor's good faith and the discretionary determination afforded the court, there are a number factors that can be examined to assist in such an evaluation. In each of the following areas no clear abuse can be gleaned to be present in the instant case.

Test (1) *The petition is comprised of a single asset.* The petition is comprised of not only the primary residence of the debtor, but the debtor is the holder of an interest in a business from which he derives an income that is necessary to support the plan as will be proposed;

Test (2) *Pre-petition conduct of the Debtor has been improper.* No evidence has been set before the court that demonstrates clear and convincing improper conduct on the part of the Debtor. The multiple filings have not occurred without the appropriate authorization as provided for by the Code.

Test (3) *The Debtor and one creditor have come to a standstill in state court litigation, and the Debtor has lost or has been required to post a bond which he cannot afford.* There exists no such situation with respect to the Debtor herein and any of her creditors.

Test (4) *The debtor is attempting to evade a state court order.* There exists no such matter pending in any court within or without the State of California.

Test (5) *There is a lack of the possibility of reorganization.* The plan as will proposed by the Debtor, though requiring belt tightening on the part of the Debtor is plausible and offers the possibility of reorganization and therefore should be confirmed at the time of its submission.

Though not exhaustive of all of the possible factors in considering the good faith of a Debtor, these factors are none the less prime indicators in the evaluation of the good faith of a debtor. Clearly the multiple filings were a direct result of self help on the part of the debtor and

Case 2:11-bk-44163-SK    Doc 15    Filed 09/02/11    Entered 09/06/11 16:37:01    Desc
                        Main Document    Page 4 of 5

the lack of adequate counsel in the preparation of documentation requisite for a proper filing and adjudication of the debtor's estate on the part of the court.

## THE LACK OF ADEQUATE NOTICE ON THE PART OF THE CREDITOR WITH RESPECT TO THE EX PARTE HEARING WAS A CLEAR ABUSE OF PROCESS AND A DENIAL OF DUE PROCESS IN DENYING DEBTOR AN OPPORTUNITY TO BE HEARD

Section 362(f) provides for relief without a hearing if the interest of the party requesting relief "will suffer irreparable damage before there is an opportunity for notice and a hearing." The interest of the creditor, Double Y Investments, in the real property of which the debtor holds a leasehold interest, as alleged is approximately $42,152.94 as of July 11, 2011. The market rental value covering the same period of time as the alleged unpaid rent of the property as of that date was approximately $16,000. As of the date of the filing of the request for relief from the automatic stay the value of the property remained essentially the same. The first filing on the part of the debtor herein occurred on January 7, 2011. There existed no extraordinary circumstances warranting an ex parte order with respect to the interest of the creditor as provided for under the Code, sections 362(d), 362(f). Furthermore, payments were tendered and received by both the Chapter 13 Trustee and the creditor seeking the relief in the Paula L. Boyd matter, 2-11-bk-27642ER. Therefore absent extraordinary circumstances that were not present prior the initial petition filing of the debtor, and the date of the filing for relief from the automatic stay on the part of the creditor, *Double Y Investments*, there was not sufficient cause to deny debtor a

right to be heard on proper notice as required under Code section 362(d). The nefarious tactics of creditors counsel in seeking relief in such a manner was designed for one purpose and one purpose only, that being the deprivation of an asset necessary for the reorganization of the estate of the debtor. There exists no net gain for the benefit of creditor, Double Y Investments, in proceeding in such manner. Coupled with the acceptance of payment for the month of July and August in the Paula L. Boyd matter, as hereinabove mentioned, the debtor will be irreparably injured and will continue to suffer injury unless the denies the motion of *Double Y Investments*.

WHEREFORE, it is respectfully requested that the ex parte motion for relief from the automatic stay on the part of the alleged creditor, *Double Y Investments*, be denied.

Respectfully requested,

Darryl Dwayne Boyd
Debtor In Propria Persona